**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ELIZABETH JANKOWSKI,       )
      Plaintiff,           )
                      )     Civil Action No. 06-00618
      v.                )
                      )     Judge Nora Barry Fischer
WENDY DEMAND, et. al.,      )
      Defendants.        )

## MEMORANDUM ORDER

This matter is before the Court on Request of Plaintiff for Permission to Appeal [53], filed by Plaintiff Elizabeth Jankowski on April 17, 2008, in which Plaintiff requests pursuant to federal Rule of Appellate Procedure 5 that the permission to appeal. On April 24, 2008, Defendants filed their Response to request for Reconsideration, in which they assert that Plaintiff's motion is substantively and procedurally flawed. Because the Court agrees, Plaintiff's motion will be denied.

Briefly, the relevant facts to the instant motion revolve around Plaintiff's failure to timely substitute an estate for Defendant Wendy Demand. On September 12, 2006, Defendants filed a Suggestion of Death Upon the Record Under Rule 25 (a)(1), advising the parties of the death of Defendant Demand. (*See* Docket No. 11). Having taken no action for over one year with regard to Defendant Demand in this Court, on October 3, 2007, Plaintiff filed a Motion to Amend Caption (Docket No. 38), to include the estate of Wendy Demand, which, even considering the lengthy delay and clear violation of Rule 25,[1] the Court granted the next day, giving the Plaintiff leave of Court to amend the caption to substitute an estate within thirty days of grant of letters of administration regarding Defendant Demand's estate. On February 7, 2008, Plaintiff requested another extension within which to create an estate for Defendant Demand (Docket No. 48), which the Court denied on

---

[1] Rule 25 allows 90 days after the suggestion of death for a motion for substitution. Fed.R.Civ.P. 25(a)(1).

February 14, 2008. (*See* February 14, 2008 text order entry). Subsequently on March 19, 2008, the Court denied Plaintiff's motion for reconsideration of the Court's February 14, 2008 Order.

As pointed out by Defendants, in addition to Plaintiff's continual failure to abide by the Federal Rules as well as the orders of this Court surrounding the death of Defendant Demand, Plaintiff's motion is procedurally flawed. According to the U.S. Court of Appeals for the Third Circuit, Federal Rule of Appellate Procedure 5(a) "requires that a petition for permission to appeal be filed with the clerk of the Court of Appeals within ten days *after* the district court's entry of an amended order certifying its appealability." *Inmates of Allegheny County Jail v. Wecht*, 873 F.2d 55, 57 (3d Cir. 1989) (emphasis added). Here, as the Court has not certified an appeal under 28 U.S.C. § 1292 and Plaintiff has not even requested as much, her reliance on Federal Rule of Appellate Procedure 5 is misguided. Further, neither the Court's February 14, 2008 Order denying an extension of time to create an estate nor the Court's March 19, 2008 Order denying reconsideration of the same constitute a "final decision" within the meaning of 28 U.S.C. § 1291, and Plaintiff has not argued to the contrary.

Accordingly, the Court DENIES Plaintiff's Request of Plaintiff for Permission to Appeal [53].

<u>s/ Nora Barry Fischer</u>
Nora Barry Fischer
United States District Judge


CC:    All counsel of record.

Date:   April 25, 2008